IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                  Case No. 1:22-cr-00884 KWR

RAYDELL BILLY, and
ALVIN JOHN WHITE,

    Defendants.

## ORDER REGARDING MOTIONS IN LIMINE

THIS MATTER is before the Court on certain motions in limine.

The following motions in limine are unopposed and therefore **granted**:

- Defendant Raydell Billy's First Unopposed Motion in Limine **(Doc. 58)**;

- Defendant Raydell Billy's Motion in Limine to Preclude the Government from Introducing Character Evidence Outside the Scope of Rule 609 **(Doc. 59)**;

- Defendant Alvin White's Motion in Limine to Preclude Government from Introducing Evidence of Other Pending Charges or Warrants **(Doc. 62)**;

- Defendant Alvin White's Motion to Preclude Reference to His Criminal History **(Doc. 63)**; and

- United States' First Motion in Limine for Judicial Notice and for a Judicial Determination of Land Status **(Doc. 73)**. The Court finds that the residence in which the charged crime occurred is within Indian Country.

The Court reserves ruling on the Government's second motion in limine to preclude defense comment and evidence **(Doc. 74)**.  The Court will address the Government's third motion in limine to allow transcripts **(Doc. 75)** at the pretrial conference.

Defendant Raydell Billy filed an opposed motion in limine to preclude the Government from introducing evidence describing the circumstances of his arrest. **Doc. 60.**  The Government opposes this motion.  For the reasons stated below, the Court **denies** Mr. Billy's motion **(Doc. 60)**.

Mr. Billy was arrested at his sister's house eleven days after the incident charged in this case.  His sister reported that Mr. Billy assaulted her boyfriend with a gun.  At issue in this case appears to be whether Mr. Billy assaulted the victim with a firearm.  There appears to be a dispute whether a firearm was present at all in the charged incident, or whether others in fact possessed the firearm.  The Government seeks to admit evidence of the circumstances surrounding Mr. Billy's arrest, arguing these circumstances are relevant to whether Mr. Billy possessed and used a firearm during the assault of the victim.

Here, Defendant Raydell Billy is alleged to have used a firearm to assault the victim.  During his arrest, Defendant was alleged to have assaulted another person with a firearm.  His arrest occurred eleven days after the charged incident.  The evidence is offered as evidence that he was the person with the firearm during the charged conduct and he still had it the day he was arrested.  The Government asserts this is direct evidence he possessed a gun and does not fall within Rule 404(b).  The Court agrees with the Government and concludes that this is direct or circumstantial evidence that Mr. Billy possessed a gun during the crime charged, and therefore does not fall under Rule 404(b).  "[P]ossession of the same (or a very similar) weapon on another occasion is not Rule 404(b) evidence. Rather, it is circumstantial evidence of the knowing possession of the weapon." *United States v. Montoya*, 527 F. App'x 716, 721 (10th Cir. 2013),

citing *United States v. McGlothin,* 705 F.3d 1254, 1265 (10th Cir.), *cert. denied,* ––– U.S. –––, 133 S.Ct. 2406, 185 L.Ed.2d 1115 (2013).  The Tenth Circuit has found that possession or use of a firearm in one robbery was direct or circumstantial evidence of the possession of a firearm during the charged robbery.  *Montoya*, 527 F. App'x at 723. Mr. Billy's possession of a firearm on the day of his arrest is probative of the fact that he is the one who used and discharged the firearm during the charged assault.  Therefore, evidence of Mr. Billy's use of the firearm in the incident leading up to his arrest is admissible as evidence in this case.

Alternatively, even if Rule 404(b) applied, the circumstances surrounding the arrest are still admissible[1].  To be admissible under Rule 404(b), the evidence must satisfy a four-part test:

> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz,* 679 F.3d 1183, 1190 (10th Cir.2012) (quotation marks omitted). "Evidence is proper if it tends to prove, among other things, motive, knowledge, or intent." *Id.*

First, the evidence is admissible for a proper purpose, including but not limited to intent and corroboration of witness testimony.  *Montoya*, 527 Fed. App'x at 723, *citing United States v. Porter,* 881 F.2d 878, 886 n. 8 (10th Cir.1989) (noting corroboration of government witness is proper use of 404(b)(1) evidence).  Second, the evidence is clearly relevant, for the reasons described above.  Third, the probative value of the similar act is not substantially outweighed by a danger of unfair prejudice, as explained above.  Finally, the parties may propose a limiting instruction.

Therefore, the Court **denies** Mr. Billy's third motion in limine **(Doc. 60)**.

---

[1] Mr. Billy argues he was not given sufficient written notice pursuant to FRE 404(b)(3).  The Court finds that Mr. Billy was given sufficient written notice many months before trial.  Moreover, the notice was timely.  *See* **Doc. 112** (setting Rule 404(b) notice deadline two weeks before trial).

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE