IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Case No. 1:22-cr-00884 KWR

RAYDELL BILLY,

    Defendant.

## SUPPLEMENTAL ORDER

Following the pretrial conference on March 2, 2023, the Court makes the following supplemental rulings.

**I.**    **Notice Regarding Consciousness of Guilt Evidence (Doc. 172).**

The Government filed a Notice Regarding Consciousness of Guilt Evidence **(Doc. 172)**. At the pretrial conference on March 2, 2023, the Court overruled Defendant's objection to the admission of this evidence. The Court makes findings on the admissibility of the consciousness of guilt evidence under Fed. R. Evid. 404(b).

The Government moved to introduce evidence of Defendant's statements, in which he allegedly tried to influence R.B.'s willingness to assist the Government with the case, when he allegedly requested R.B. to (1) dismiss the charges against him and (2) "get her story straight." The Government asserts that this is "consciousness of guilt evidence." The Government sought to question R.B. regarding the actions Defendant took to influence her.

Consciousness of guilt evidence, such as attempts to influence or threaten witnesses, is considered Fed. R. Evid. 404(b) evidence. *United States v. Esparsen*, 930 F.2d 1461, 1475 (10th

Cir. 1991).  Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Under this rule, "[e]vidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a direct connection is established between the defendant and the threat...." *United States v. Smith,* 629 F.2d 650, 651 (10th Cir.1980) (citations omitted) (emphasis added); *see also* Fed.R.Evid. 404(b) (evidence of bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

The Tenth Circuit has held that "a defendant's threat against a potential witness is generally admissible under Rule 404(b)" because "such threats show the defendant's intent to prevent the witness from testifying, and are thus an implicit acknowledgment of the defendant's guilt." *United States v. Nichols,* 374 F.3d 959, 967 (10th Cir.2004), *vacated on other grounds,* 543 U.S. 1113, 125 S.Ct. 1082, 160 L.Ed.2d 1054 (2005), *quoted in United States v. Vazquez-Villa*, 423 F. App'x 812, 817 (10th Cir. 2011)."  In *United States v. Esparsen*, the Tenth Circuit held that this involves Rule 404(b) "[b]ecause matters such as motive, intent, plan, or knowledge essentially involve 'consciousness of guilt.' " 930 F.2d 1461, 1476 n. 16 (10th Cir.1991), *quoted in United States v. Swan*, 494 F. App'x 838, 842 (10th Cir. 2012).

Here, Defendant allegedly spoke to R.B. or other family members, attempting to influence her to "drop the charges."  Therefore, there is a direct connection between the defendant and the alleged threats.

Evidence of crimes, wrongs, or other acts is prohibited under the Federal Rules of Evidence when used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is permitted, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan,

2

knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To determine whether Rule 404(b) evidence is properly admitted, the Court considers the following factors:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Davis,* 636 F.3d 1281, 1297 (10th Cir.2011).

The first *Huddleston* factor requires the evidence be offered for a proper purpose under Rule 404(b). "Evidence is offered for a proper purpose if it is utilized for any of the 'other purposes' enumerated in Rule 404(b)," *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011), and that enumerated list "is illustrative, not exhaustive," *United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013) (citing *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001)). "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *Brooks*, 736 F.3d at 939; *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014).

First, the Court finds the evidence is offered for a proper purpose. Consciousness of guilt evidence may be relevant to motive, intent, plan, or knowledge. *Esparsen*, 930 F.2d 1461, 1476 n. 16 (10th Cir.1991), *quoted in United States v. Swan*, 494 F. App'x 838, 842 (10th Cir. 2012).

Second, a defendant's attempt to influence a witness is clearly relevant. *United States v. Esparsen*, 930 F.2d 1461, 1476 (10th Cir. 1991); *United States v. Mendoza*, 236 F. App'x 371, 390 (10th Cir. 2007); *United States v. Swan*, 494 F. App'x 838, 842 (10th Cir. 2012). "A defendant's threat against a potential witness is generally admissible under Rule 404(b) because such threats show the defendant's intent to prevent the witness from testifying, and are thus an implicit

acknowledgment of the defendant's guilt." *United States v. Nichols,* 374 F.3d 959, 967 (10th Cir.2004), *vacated on other grounds,* 543 U.S. 1113, 125 S.Ct. 1082, 160 L.Ed.2d 1054 (2005), *quoted in United States v. Vazquez-Villa*, 423 F. App'x 812, 817 (10th Cir. 2011).

Third, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice under FRE 403. The Government alleges that Defendant attempted to dissuade a witness from assisting the Government. Any prejudice in admitting evidence of Defendant's actions would not be unfair.

Therefore, the Court finds that the consciousness of guilt evidence is admissible under Fed. R. Evid. 404(b).

## II. Government's motion for a pretrial finding on admissibility of evidence of Defendant's prior conviction and Rule 404(b) notice (Doc. 164).

The Court clarifies its ruling as to the Government's motion for a pretrial finding on admissibility of evidence of Defendant's prior conviction and Rule 404(b) notice (Doc. 164). In the first part of the motion, the Government moved for a ruling that "Defendant Raydell Billy's 2013 conviction for Use of a Firearm in Furtherance of a Crime, in violation of 18 U.S.C. § 924(c), is not required to be submitted to the jury to trigger the mandatory minimum sentence of 25 years if Defendant is convicted of violating the same statute in the present case." Doc. 164 at 1. This portion of the motion (Doc. 164) is **GRANTED** as unopposed.

In the second portion of the motion (Doc. 164), the Government moved for admission of the prior conviction under Rule 404(b). For the reasons stated on the record at the pretrial conference on March 2, 2023, that portion of the motion is **DENIED**.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE